UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AUSTIN WOODS (D-3),

    Defendant.

_____/

Case No. 17-20022

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S
REQUEST FOR COMPASSIONATE RELEASE [356]**

On June 21, 2019, Defendant Austin Woods was found guilty of conspiring to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) (Count 1) and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count 11). (ECF No. 214.) On March 3, 2020, the Court sentenced Defendant to a term of 48 months on Count 1 and 120 months on Count 11, to be served consecutively, for a total of 168 months of imprisonment. (ECF No. 298.) On July 22, 2020, the Court denied Defendant's first motion for compassionate release, finding in part that Defendant had not established that his health concerns in light of the COVID-19 pandemic constituted extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A) and that the 18 U.S.C. § 3553(a) factors did not support a sentence reduction. (ECF No. 338.) The matter is now before the Court on Defendant's second request for compassionate release. (ECF No. 356.)

Defendant again cites to the risks associated with the pandemic as a basis for relief. The Sixth Circuit has held, however, that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does

1

not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). This general rule applies unless the defendant can show he is "unable to receive or benefit from a vaccine." *Id.* Defendant does not claim he is unable to receive or benefit from a vaccine here. And while Defendant also notes he has cardiovascular issues, those issues existed at the time of sentencing and he has since been placed at Lexington Federal Medical Center. Thus, Defendant has not established there are extraordinary and compelling reasons warranting a sentence reduction.

And even if Defendant could show extraordinary and compelling reasons, the § 3553(a) factors do not support compassionate release. The Court found a weighing of the relevant factors warranted a lengthy term of imprisonment less than two years ago, and Defendant has not yet served a substantial portion of that term. The COVID-19 pandemic is not sufficient to tip the balance of the factors in favor of release.

For the foregoing reasons, Defendant's request for compassionate release is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 22, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 22, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager